Allen, J.
delivered the opinion of the Court.
The Court is of opinion, that as the object of the scire facias against the heirs, and terretenants, is to give the creditor the benefit of his judgment obtained against the ancestor, and as upon a writ of elegit against the ancestor, the officer is commanded to deliver all the chattels (oxen, &c. excepted,) and a moiety of the lands to the creditor; and if such chattels are sufficient to satisfy the debt, the lands are not extended, the judgment, after the decease of the ancestor, should affect his estate in the same order. The personal estate should be first charged; and the judgment creditor should not proceed against the heir, or terretenants, until he has exhausted the same. Alston v. Munford, 1 Brock. R. 266; Brooks’ Abr. title Executions, pi. 28; 14 Viner’s Abr. title Heir, letter K. $ 2. But the Court is further of opinion, that accox-ding to the forms of the writ of scire facias, which, in the absence of express authority to the contrary, should be considered on this point as evidence of the law, it is not necessary that the scire facias should aver or suggest that execxxtion against the personal representative has proved unavailing. The objection to the proceeding against the heir, or terretenant, if it exists, is matter of defence which abates the writ, but does not deprive *202 the creditor of his remedy against the heir and terreteRant, if thereafter he should proceed against the personal representative, and execution should prove unavailing. rpj^g Q0U1.t jg therefore of opinion, that the defendants kere sh°uM have set up the objection by plea, in the nature of a plea in abatement, averring the existence of a personal representative, against whom no proceedings had been had; and that the general demurrer to the writ of scire facias should have been overruled. Therefore, it is considered, that the judgment of the Court below is erroneous, and it is reversed with costs. And this Court, proceeding to give such judgment as the Court below ought to have given, overrules the demurrer, and remands the cause, with leave to the defendants to file such plea, in nature of a plea of abatement, or such other defence as they may be advised to set up,